NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MICHAEL HUGGINS, | : | |
| | : | CIV. NO. 21-16688 (RMB-SAK) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES WARREN, *et al.*, | : | |
| | : | |
| Defendants | : | |

BUMB, DISTRICT JUDGE

This matter comes before the Court upon pro se Plaintiff Michael Huggins' ("Plaintiff") civil rights complaint under 42 U.S.C. § 1983. (Compl., Dkt. Nos. 1-3.) Plaintiff filed two subsequent letters, which the Court construes as supplements to the Complaint. Plaintiff is a pretrial detainee confined in the Cumberland County Jail, and the Court construes the complaint as alleging Eighth Amendment inadequate medical care and conditions of confinement claims, and New Jersey state law medical malpractice claims under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 *et seq.* Plaintiff filed an Affidavit of Poverty and Account Certification (Civil Rights) ("IFP application") (Dkt. No. 1-1) which establishes his financial eligibility to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a).

I. *SUA SPONTE* DISMISSAL

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity or seeks relief based on a prison

condition, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

II.   THE COMPLAINT

Plaintiff alleges the following in his complaint. (Compl., Dkt. No. 1.) The defendants to the complaint are employed by Cumberland County Jail, Warden Charles Warren, Dr. James Neil, Nurse Kristina, who was the former head nurse, and the Medical Department. Plaintiff sent Warden Charles Warren many grievances because he was suffering from a flesh eating virus in both legs, which was caused by mold in the facility's showers. Warden Warren never tours the jail and has not visited Plaintiff to see the holes in his legs caused by the virus. Dr. James Neil was the only on-call doctor at Cumberland County Jail from July 7 through August 18, 2021. Dr. Will was on vacation for four weeks at this time. Dr. Neil refused to treat Plaintiff or send him to the hospital during this period. The medical department denied Plaintiff's request to go to an outside hospital, although the medications prescribed to Plaintiff were not helping.

Plaintiff waited four-and-a-half-weeks to see Dr. Will after he returned from vacation, and Plaintiff's leg wounds grew in this period. Immediately upon his return from vacation, Dr. Will ordered Nurse Kristina to schedule Plaintiff to see an outside specialist, but she failed to do so. The medical staff did not culture Plaintiff's wounds until he could no

longer walk. Plaintiff saw Dr. Neil after seven-and-a-half weeks, and he scheduled Plaintiff to see an infectious disease specialist. Plaintiff believes the delay in scheduling him for an outside specialist was due to understaffing at the jail, but he also attributes the delay to Nurse Kristina's hate toward him. Plaintiff also requires a special diet for Crohn's Disease, and it was prescribed but was not provided.

Plaintiff alleges Warden Warren refuses to do anything about the mold in the showers, and this is how Plaintiff's legs became infected. Plaintiff also has difficulty breathing and the ventilation system is very old and dirty, and outdoor recreation is restricted. The facility does not have computerized log books. Therefore, it is very easy to cover up failures on the part of the jail's response to inmate medical requests. Plaintiff alleges many correctional officers have recognized his immediate need for medical treatment and that he was not getting treatment.

Plaintiff's primary doctor directed that Plaintiff should travel in the supine position to avoid injury to his wounds, but his infected legs were painfully shackled during transport. Nurses at Cumberland County Jail took Plaintiff off prescribed medications, and according to Plaintiff, are giving him the wrong medication and do not know how to prevent cross-contamination of his infections. The doctor who saw Plaintiff in the hospital told Plaintiff he could have lost his legs. Plaintiff believes his legs are permanently damaged and he may die from his infections. In his first supplement to the complaint, Plaintiff alleges that after he was hospitalized and subsequently returned to the jail, he does not receive proper wound care for his infectious disease and that it continues to worsen. (Dkt. No. 2.) In his second supplement to the complaint, Plaintiff alleges that as of September 21, 2021, his infection

has spread to his shin bone and achilles tendon and he has great difficulty walking, requiring him to use a bathroom bag. Plaintiff alleges he is being treated repeatedly with an antibiotic that does not help, and provided only weekly wound care, despite the fact that his wounds are leaking pus and blood. (Dkt. No. 3.) Plaintiff has added Nurse Darlene and Officer Crawford as defendants in this lawsuit because they confiscated Plaintiff's wheelchair that was prescribed by a doctor.

Accepting Plaintiff's allegations as true,[1] as the Court must at this stage, Plaintiff's complaint may proceed against Warden Charles Warren, Dr. Neil, Nurse Kristina, Nurse Darlene and Officer Crawford. The Cumberland County Jail Medical Department is not a "person" who is liable for civil rights violations under 42 U.S.C. § 1983. See, Atkinson v. Carlson, No. 4:14-CV-1597, 2014 WL 6901144, at *19 (M.D. Pa. Aug. 18, 2014), report and recommendation adopted, No. 4:14-CV-1597, 2014 WL 6901139 (M.D. Pa. Dec. 3, 2014) (collecting cases). Therefore, the Court will dismiss the claims against the Medical Department with prejudice for failure to state a claim.

III.     REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL

Plaintiff requests appointment of pro bono counsel in his complaint. Although there is no constitutional or statutory requirement for appointment of counsel in a civil case, a district court may request an attorney to represent an indigent litigant pro bono under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). If a plaintiff's claims have potential merit in fact and law, the district court should consider a number of factors to

---

[1] Plaintiff has not alleged whether he filed a notice of claim form pursuant to New Jersey Tort Claims Act § 59:8-3, as is required before bringing a medical malpractice claim against a public entity or public employee.

determine whether to appoint pro bono counsel. Id. As an indigent pretrial detainee who is allegedly suffering from a serious infection that reduces his mobility, assistance of counsel to assist in investigation and discovery in this matter is in the interests of justice. Therefore, the Court will grant the request for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1).

IV.     CONCLUSION

For the reasons discussed above, the complaint may proceed and the Court will grant Plaintiff's request for appointment of pro bono counsel.

An appropriate Order follows.

DATE:  **October 4, 2021**

                                         s/Renée Marie Bumb
                                         **RENÉE MARIE BUMB**
                                         **United States District Judge**