[ECF No. 59]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL HUGGINS,<br><br>               Plaintiffs,<br><br>v.<br><br>CHARLES WARREN et al.,<br><br>               Defendants. | Civil No. 21-16688 (KMW/SAK) |

## OPINION AND ORDER

This matter is before the Court by way of a letter application ("Letter Application") [ECF No. 59] requesting an extension of time to file an affidavit of merit ("AOM") by Plaintiff Michael Huggins ("Plaintiff"). The Court received and considered Defendants Dr. James Neal, Nurse Kristina Smith and Nurse Darlene Cochran ("Medical Defendants") opposition [ECF No. 60], and Plaintiff's reply [ECF No. 61]. The Court exercises its discretion to decide the matter without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons set forth herein, it is hereby Ordered that Plaintiff's request for an extension of time to file an affidavit of merit is **GRANTED**.

## BACKGROUND

The parties are familiar with the facts of this case, as such, the Court will only recite the facts relevant to the present matter. Plaintiff initiated this action on September 9, 2021 [ECF No. 1]. Following the Court's screening, on October 4, 2021, the Honorable Renée Marie Bumb, U.S.D.J., issued an Opinion and Order allowing Plaintiff's claims against Medical Defendants to proceed, dismissing nonviable claims, and granting Plaintiff's application to proceed *in forma pauperis. See* Opinion and Order dated October 4, 2021 [ECF Nos. 4, 5]. On October 26, 2021,

Judge Bumb issued an Order appointing Plaintiff *pro bono* counsel. *See* Order Appointing *Pro Bono* Counsel [ECF No. 12]. On November 12, 2021, Medical Defendants filed an answer to Plaintiff's complaint. *See* Answer [ECF No. 17]. On November 18, 2021, the Honorable Karen M. Williams, former United States Magistrate Judge, appointed Jeffrey Resnick, Esquire, of the law firm of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. as *pro bono* counsel to represent Plaintiff. *See* Order Appointing *Pro Bono* Counsel [ECF No. 25]. On December 1, 2021, Mr. Resnick advised the Court that he could not represent Plaintiff because of a conflict of interest. *See* Letter from Mr. Resnick [ECF No. 28]. The Court, finding that a conflict existed, relieved Mr. Resnick as *pro bono* counsel on December 14, 2021. *See* Order Granting Withdrawal [ECF No. 36].

Thereafter, on January 4, 2022, the Court issued an Order appointing Marc D. Haefner, Esquire, of the law firm of Walsh, Pizzi, O'Reilly & Falanga as new *pro bono* counsel for Plaintiff. *See* Order Appointing *Pro Bono* Counsel [ECF No. 39]. On January 10, 2022, Plaintiff requested a 60-day extension of the time to serve an AOM in this matter. *See* Letter from Jessica K. Formichella [ECF No. 46]. On January 12, 2022, the Court granted Plaintiff's request, extending the deadline for a total of 120 days, from January 11, 2022 to March 14, 2022.

Plaintiff now seeks an additional 60-day extension, up to and including May 13, 2022, to serve an AOM based upon extraordinary circumstances. *See* Letter Application [ECF No. 59]. Plaintiff argues that the events surrounding the appointment of *pro bono* counsel constitute extraordinary circumstances. *Id.* Plaintiff also argues that newly appointed *pro bono* counsel was not able to obtain all of Plaintiff's medical records because of Plaintiff's hospitalization in February 2022. *Id.* Medical Defendants oppose Plaintiff's Letter Application arguing that extraordinary circumstances do not exist. *See* Medical Defendants Opposition [ECF No. 60]. Medical Defendants argue that Plaintiff, individually, communicated with the Court on 22 separate

occasions and did not detail any attempts he has made to contact an expert witness regarding an AOM. *Id*. at 2. Medical Defendants argue that current *pro bono* counsel was appointed "approximately 67 days prior to the 120-day statutory maximum under the AOM Statute." *Id*. at 3. Moreover, Medical Defendants argue that to their knowledge, that Plaintiff has not executed HIPAA-compliant authorizations for release of his medical records in this matter. *Id*. In response, Plaintiff argues, *inter alia*, that Medical Defendants arguments are without merit, and that this situation is indistinguishable from the extraordinary circumstances cited in Plaintiff's Letter Application. *See* Plaintiff's Reply [ECF No. 61].

## **ANALYSIS**

Pursuant to the N.J.S.A. § 2A:53A-27:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

Courts may grant an extension beyond the 120 days upon a showing of one of four limited exceptions. *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 305, 309 (3d Cir. 2012). The four limited exceptions are: (i) a statutory exception regarding lack of information; (ii) a "common knowledge" exception; (iii) substantial compliance with the affidavit-of-merit requirement; or (iv) "extraordinary circumstances" that warrant equitable relief. *Id*. The analysis of these factors is fact specific. *Id*. at 309.

For exceptional circumstances, Courts have "yet to define the full scope of [it] as an equitable remedy for failure to comply with the statute." *Brown v. United States*, 2017 WL 1064665, at *6 (D.N.J. Mar. 21, 2017) (citing *Vitale v. Carrier Clinic, Inc.*, 409 Fed. Appx. 532, 534 (3d Cir. 2010)). As such, Courts are "wary to find extraordinary circumstances," and have found that "[a]n attorney's carelessness, lack of circumspection, lack of diligence, or ignorance of the law does not constitute 'extraordinary circumstances.'" *Douglas v. SBLM Architects*, 2018 WL 1981479, at *9 (D.N.J. Apr. 26, 2018) (quoting *Stoecker v. Echevarria*, 408 N.J. Super 597, 612 (App. Div. 2009)). Likewise, Courts have found that *pro se* status does not, without more, establish extraordinary circumstances. *Fontanez v. United States*, 24 F. Supp. 3d 408, 414 (D.N.J. 2014). However, Courts are "guided by the policy of [the Third Circuit] and New Jersey courts favoring the disposition of cases on their merits and the New Jersey Supreme Court's indication that the 'extraordinary circumstances' exception aims to temper the draconian results of an inflexible application of the statute by granting certain latitude to non-compliant plaintiffs." *Brown,* 2017 WL 1064665, at *7 (quoting *Fontanez* 24 F. Supp. 3d at 416).

Here, the Court finds that exceptional circumstances exist, warranting an extension of the AOM deadline beyond 120 days. The delay in filing an AOM was not the fault of Plaintiff Huggins. Medical Defendants filed an answer on November 12, 2021. Ten days later, on November 22, 2021, the Court appointed Plaintiff *pro bono* counsel. Unfortunately, on December 14, 2021, Plaintiff's first appointed *pro bono* counsel was granted leave to withdraw because of a conflict of interest. Thereafter, for twenty-one (21) days,[1] the Court sought new *pro bono* counsel for Plaintiff until an appointment was made on January 4, 2022.[2] Following the appointment,

---

[1] The time between the December 14, 2021 Order Granting Withdrawal [ECF No. 36] and the January 4, 2022 appointment of new *pro bono* counsel [ECF No. 39].
[2] In total, Plaintiff waited **seventy (70) days** for counsel to be appointed, from the October 26, 2021 initial appointment of *pro bono* counsel [ECF No. 12], to the January 4, 2022 appointment of new *pro bono* counsel [ECF No. 39].

4

Plaintiff's new *pro bono* counsel has been diligent in meeting and interviewing Plaintiff, and bringing Plaintiff's concerns to the Court's attention (ECF No. 53). Counsel also diligently sought an extension of time to file the AOM (ECF No. 49), and sought to obtain medical records to support the AOM (ECF No. 59).

The Court rejects Medical Defendants' arguments that Plaintiff should have located and retained an expert on his own. Plaintiff is a confined inmate suffering from a medical condition necessitating hospitalization (ECF No. 53). He was granted *in forma pauperis* status (ECF Nos. 4, 5). Moreover, although not expected to litigate this case on his own after the October 26, 2021 Order appointing *pro bono* counsel, Plaintiff's letter filed on December 27, 2021 (ECF No. 38) indicates that Plaintiff was confined to a cell for at least 20 hours per day. Plaintiff also stated he had "very little access to law, people, and information." *Id*. At no fault of Plaintiff, he had to wait about 70 days for the Court to find and appoint *pro bono* counsel. During the same time, Plaintiff continually wrote to the Court seeking guidance and assistance. *See generally* letters from Michael Huggins [ECF Nos. 13, 21, 22, 23]. This situation is akin to *Brown v. United States*, where the Court found extraordinary circumstances where the plaintiff "was incarcerated and unable to obtain a lawyer or expert to assess the merits of his case due to no fault of his own." 2017 WL 1064665, at *8 (D.N.J. Mar. 21, 2017), *see also, Fontanez*, 24 F. Supp. 3d 408 (granting an extension for extraordinary circumstances because the four month delay in appointing counsel was at no fault of Plaintiff); *Abraham v. Rothkopf*, 2008 WL 3413850, at *4 (D.N.J. Aug. 8, 2008) (granting an extension because Plaintiff behaved diligently and was not merely "sleeping on his rights"). Thus, these combined factors amount to extraordinary circumstances, and Plaintiff is GRANTED a sixty (60) day extension of time to file an AOM.

**IT IS THEREFORE ORDERED** this **1st** day of **April 2022**, that Plaintiff's letter application [ECF No. 59] seeking extension of time to file an affidavit of merit is **GRANTED;** it is further

**ORDERED** that Plaintiff is **GRANTED** an additional 60-day extension, from March 14, 2022, up to and including May 13, 2022, to serve an affidavit of merit in this matter.

                                       **s/ Sharon A. King**
                                       SHARON A. KING
                                       United States Magistrate Judge