Marc D. Haefner
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
T: (973) 757-1100
mhaefner@walsh.law

*Attorneys for Plaintiff Michael Huggins*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL HUGGINS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CHARLES WARREN; DR. JAMES NEAL; KRISTINA SMITH; DARLENE COCHRAN; IKEYA CRAWFORD, APRIL MUNSON AND ANGELA SOTO,<br><br>　　　　　　　　　Defendants. | Case No. 1:21-cv-16688 (KMW) (SAK)<br><br>**AMENDED COMPLAINT**<br><br>*Filed Electronically* |

Plaintiff, Michael Huggins ("Plaintiff") by way of Amended Complaint against Defendants, Charles Warren and Ikeya Crawford (the "Jail Defendants") and Dr. James Neal, Kristina Smith, Darlene Cochran, April Munson and Angela Soto (the "Medical Defendants") (collectively, "Defendants") states as follows:

## PARTIES

1.　　Plaintiff, Michael Huggins, is an adult male currently incarcerated at the Hudson County Correctional Facility ("Hudson Facility") located in Kearny, New Jersey 07032. Plaintiff was transferred to the Hudson Facility from the Cumberland County Jail ("Cumberland Jail")

located in Bridgeton, New Jersey, on or about April 2022. Plaintiff's inmate number is 55695, SBI # 303248A.

2.      During the time period relevant to the allegations set forth against Defendant Charles Warren ("Warren"), Warren was the warden of the Cumberland Jail.

3.      During the time period relevant to the allegations set forth against Defendant Ikeya Crawford ("Officer Crawford"), Officer Crawford was a Cumberland County Corrections Officer employed at the Cumberland Jail.

4.      During the time period relevant to the allegations set forth against Defendant Dr. James Neal ("Dr. Neal"), Dr. Neal was a doctor at Cumberland Jail.

5.      During the time period relevant to the allegations set forth against Defendant Kristina Smith ("Nurse Smith"), Nurse Smith served as nurse at the Cumberland Jail.

6.      During the time period relevant to the allegations set forth against Defendant Darlene Cochran ("Nurse Cochran"), Nurse Cochran served as a nurse at the Cumberland Jail.

7.      During the time period relevant to the allegations set forth against Defendant April Munson ("Nurse Munson"), Nurse Munson was a nurse practitioner at the Cumberland Jail.

8.      During the time period relevant to the allegations set forth against Defendant Angela Soto ("Nurse Soto"), Nurse Soto was a nursing aid at the Cumberland Jail.

## JURISDICTION AND VENUE

9.      Jurisdiction is asserted pursuant to 42 U.S.C. §1983.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

10.    Plaintiff adopts by reference the following facts more fully set out in his original complaint and the two subsequent letters that supplemented that pleading:

- Plaintiff sent several grievances to Warren, stating that Plaintiff's infection was caused by the black mold within the showers and walls of the Cumberland Jail.

- Officer Crawford confiscated Plaintiff's wheelchair, forcing Plaintiff to walk while his legs and wounds were infected.

- Dr. Neal refused to treat Plaintiff or send him to the hospital from July 7 to August 18, 2021. No other provider was available as they had quit and Dr. Will was on vacation for four weeks during that time.

- Nurse Munson distributed the wrong medications to Plaintiff and refused to provide full treatment to him.

- Nurse Smith defied Dr. Will's orders in scheduling an appointment for Plaintiff with a doctor who specialized in dermatology infectious disease and colorectal cancer. She also failed to comply with Dr. Will's instruction of scheduling Plaintiff to see someone immediately after Dr. Will returned from his vacation. Nurse Smith also did not change Plaintiff's diet or have Plaintiff see a dietician pursuant to Dr. Will's instructions.

- Plaintiff was never given a medical donut or pillow which he requested since he had spinal and colorectal surgery.

- On several instances, Plaintiff could not breath because dirty air was circulating throughout the Cumberland Jail and the ventilation system was old, and he was rarely allowed outside for recreation.

- Once Dr. Will returned from vacation, Plaintiff waited approximately 4.5 weeks to see him -- at this time, Plaintiff's infection was already large and continuing to grow.

- The Medical Defendants refused to take Plaintiff to an outside hospital as the Cumberland Jail was understaffed and would potentially have to place two guards (and rotate such guards in eight-hour intervals) to be at the hospital with Plaintiff.

- The understaffing of nurses at the Cumberland Jail was evident as there were only a few nurses who were each responsible for treating hundreds of people incarcerated at the Facility.

- The Medical Defendants provided Plaintiff with wrong medications.  In one instance, Plaintiff explained that he was given an antibiotic -- one in which he had previously been on over five times -- and that such repeated usage was ineffective without a culture.
- The Medical Defendants also failed to provide Plaintiff with wound-care supplies on a daily basis despite Plaintiff's request -- instead, Plaintiff was placed on wound care once per week.

- The Medical Defendants only began culturing plaintiff's wound after he could not walk.

- Plaintiff had to clean his wounds with dirty water, rather than a saline solution.

- Despite the doctor's recommendation that Plaintiff needed more exercise and observation that Plaintiff was at a risk for clotting, Plaintiff was placed in a small cell which resulted in his limited mobility. In fact, Plaintiff was in his room approximately 98% of the time because Defendants did not want him near or around other people incarcerated at the Cumberland Jail. This resulted in Plaintiff being confined to his room for long periods of time.

11.    On or about October 14, 2022 Plaintiff was arrested and taken by law enforcement to the Inspira Hospital located in Bridgeton, New Jersey, for medical clearance related to chronic wounds to his buttocks and thighs.  He was subsequently released to the Cumberland Jail.

12.    Upon arrival at the Cumberland Jail, Plaintiff was placed in a cell located in F-Block, which contained black mold.

13.    On or about December 2020, Plaintiff was treated by Cumberland Jail's medical staff for his buttock wounds and infection.  Plaintiff was prescribed an antibiotic which, upon information and belief, was ineffective against the type of infection experienced by Plaintiff.

14.    In February 2021, Plaintiff's left leg became infected due to, upon information and belief, the presence of black mold in the Cumberland Jail.

15.    During this time, the wounds to his buttocks also became infected.

16.    Plaintiff was sent to Inspira Hospital in Vineland, New Jersey, where he remained hospitalized for five days.

17.    After Plaintiff was released from Inspira Hospital, he was placed in medical isolation at the Cumberland Jail, in F-Block.

18.    Because the Cumberland Jail's medical staff provided inadequate and negligent treatment to Plaintiff, his infections worsened, and by June 2021 Plaintiff's infection had spread

to both of his legs, resulting in bilateral leg wounds.  As a result, he was unable to walk and required a wheelchair, and was again hospitalized at Inspira Hospital in Vineland, New Jersey, where the medical staff informed Plaintiff he should be brought to a rehabilitation or treatment center.

19.    During this time, Officer Crawford took away Plaintiff's wheelchair, which further prevented Plaintiff from leaving his cell and seeking medical treatment for his bilateral leg wounds and infections.

20.    Instead, Plaintiff returned to the Cumberland Jail and spent the next 120 days confined to his cell due to the Cumberland Jail's staff's fear of his infection spreading to other inmates.

21.    During this time, Plaintiff submitted various grievances regarding the mold, his worsening infection and inadequate medical care.

22.    In the Fall of 2021, Plaintiff advised Defendant Warren about the black mold in F-Block, but Defendant Warren failed to address the mold.

23.    By December 2021, Plaintiff's infection had worsened, and he was sent to Inspira Hospital in Elmer, New Jersey.

24.    There, Plaintiff was seen by wound care physician Dr. John Pelosi.

25.    Dr. Pelosi provided instructions for Plaintiff's wound care which included that Plaintiff's wound dressing needs to be changed every other day with alginate dressing and wrapped in compressions.  Dr. Pelosi also prescribed Plaintiff medication for his infections.

26.    Despite these orders, the Cumberland Jail medical staff failed and/or refused to provide Plaintiff any wound care from late December 2021 until February 2022.

27.     On or about February 11, 2022, Plaintiff was brought to Inspira Hospital in Elmer, New Jersey, where it was noted that Plaintiff did not arrive with clean, dry dressing for his wounds, and Plaintiff had not been provided a compression as ordered.

28.     Due to his severe and worsening infections, Plaintiff was hospitalized, and Dr. Pelosi noted that that the wound care at the Cumberland Jail had been "abysmal."

29.     Plaintiff remained hospitalized from February 11, 2022 until February 19, 2022, for infections that resulted from the Cumberland Jail's total failure and/or refusal to provide medical treatment, *i.e.* wound care, to Plaintiff.

30.     During the ongoing treatment of Plaintiff's wounds and infection, the Jail Defendants and the Medical Defendants failed to address Plaintiff's complaints regarding infectious black mold within the facility, failed to provide adequate medical care, failed to provide wound care to Plaintiff despite his doctors ordering wound care, failed to follow cross-contamination regulations when treating his wounds, and refused to provide wound care.

31.     Defendant Warren exercised deliberate indifference to Plaintiff while Plaintiff was incarcerated at the Cumberland Jail and in need of medical attention, through ignoring Plaintiff's repeated complaints and grievances regarding the black mold in the Cumberland Jail, that ultimately resulted in resulting in bilateral leg wounds to Plaintiff.

32.     Officer Crawford exercised deliberate indifference to Plaintiff by confiscating Plaintiff's wheelchair without cause.  Because Plaintiff was unable to walk due to the infections in his legs without a wheelchair, Plaintiff experienced extreme pain and was at times not able to attend appointments for medical treatments, which exacerbated his infections and worsened his medical condition.

33.     Defendant Dr. Neal exercised deliberate indifference and negligence in failing to provide adequate medical care to Plaintiff through failing to properly diagnose and treat Plaintiff's wounds, failing to and/or refusing to provide proper wound care, and failing to timely transfer Plaintiff to a medical facility equipped to provide Plaintiff with the medical care required.

34.     Defendant Smith exercised deliberate indifference and was negligent in refusing to and/or failing to provide adequate medical care treatment to Plaintiff by: failing to provide Plaintiff with clean wound dressings, failing to change Plaintiff's wound dressings, failing to administer the medications for wound care, refusing to and/or failing to provide Plaintiff with any wound care, resulting in Plaintiff's numerous hospitalizations due to reoccurring infections in his wounds.

35.     Defendant Cochran exercised deliberate indifference and was negligent in refusing to and/or failing to provide adequate medical care to Plaintiff by: failing to provide Plaintiff with clean wound dressings, failing to change Plaintiff's wound dressings, failing to administer the medications for wound care, refusing to and/or failing to provide Plaintiff with any wound care, resulting in Plaintiff's numerous hospitalizations due to reoccurring infections in his wounds.

36.     Defendant Munson exercised deliberate indifference and was negligent in refusing to and/or failing to provide adequate medical care to Plaintiff by: failing to provide Plaintiff with clean wound dressings, failing to change Plaintiff's wound dressings, failing to administer the medications for wound care, refusing to and/or failing to provide Plaintiff with any wound care, resulting in Plaintiff's numerous hospitalizations due to reoccurring infections in his wounds.

37.     Defendant Soto exercised deliberate indifference and was negligent in refusing to and/or failing to provide adequate medical care to Plaintiff by: failing to provide Plaintiff with clean wound dressings, failing to change Plaintiff's wound dressings, failing to administer the

medications for wound care, refusing to and/or failing to provide Plaintiff with any wound care, resulting in Plaintiff's numerous hospitalizations due to reoccurring infections in his wounds.

<u>**COUNT ONE**</u>
**VIOLATION OF 42 U.S. § 1983 FOURTEENTH AMENDMENT - DELIBERATE INDIFFERENCE AND FAILURE TO PROVIDE ADEQUATE MEDICAL CARE**

38.    Plaintiff repeats and reasserts the preceding paragraphs as if fully set forth at length herein.

39.    Each and every one of the named Defendants listed above was under a constitutional duty to provide reasonable adequate medical care to Plaintiff, an inmate in their charge.

40.    While incarcerated at the Cumberland Jail, Plaintiff required medical care for bilateral leg wounds.

41.    Wound care for Plaintiff's recurring buttock wounds and bilateral leg wounds was a serious medical need.

42.    Defendant Warren acted with deliberate indifference to Plaintiff's serious medical needs by refusing to address the persistent black mold issue at the Cumberland Jail, which resulted in Plaintiff's bilateral leg wounds and severe infections.

43.    Defendant Crawford acted with deliberate indifference to Plaintiff's serious medical needs by confiscating a wheelchair used by Plaintiff to attend his medical appointments, including wound care appointments, thereby causing Plaintiff to be unable to seek medical treatment for his leg wounds.

44.    Dr. James Neal, Nurse Smith, Nurse Cochran, Nurse Munson and Nurse Soto acted with deliberate indifference to Plaintiff's serious medical needs, and failed to provide Plaintiff with adequate medical care because Plaintiff did not receive proper medical treatment, as the Medical

Defendants refused to provide him any wound care and resultingly, his wound dressings were not regularly changed nor were they changed in accordance with his doctor's instructions, his wounds were cross contaminated, and his wound medications were not administered correctly. As a result, his infections worsened and spread, causing his severe pain and discomfort and multiple hospitalizations.

45.    The actions and inactions of these Defendants demonstrated their conscious disregard for and their deliberate indifference to the serious medical needs of Plaintiff.

46.    Defendants, at all relevant times, acted under color of law to deprive Plaintiff's constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Eighth Amendment to the United States Constitution and application to pre-trial detainees under the Due Process Clause of the Fourteenth Amendment, made applicable to the states through the Fourteenth Amendment.

47.    As direct and proximate result of Defendants' willful, wanton, and/or negligent deprivations of Plaintiff's constitutional rights and violations of state and federal law, Plaintiff suffered serious injuries including, but not limited to, multiple hospitalizations caused by severe infections, which caused excruciating pain and suffering.

**WHEREFORE**, Plaintiff demands judgment be entered in its favor and against the Defendants for: 1) damages in an amount to be determined at trial; 2) punitive damages; 3) attorneys' fees pursuant to 42 U.S.C. § 1988; 4) costs of suit herein; and 5) such other and further relief as the Court may deem proper.

## COUNT TWO
**Violation of New Jersey Civil Rights Act - Deliberate Indifference
and Failure to Provide Adequate Medical Care**

48.    Plaintiff repeats and reasserts the preceding paragraphs as if fully set forth at length herein.

49.    Each and every one of the named Defendants listed above was under a constitutional duty to provide reasonable adequate medical care to Plaintiff, an inmate in their charge.

50.    While incarcerated at the Cumberland Jail, Plaintiff required medical care for bilateral leg wounds.

51.    Wound care for Plaintiff's recurring buttock wounds and bilateral leg wounds was a serious medical need.

52.    Defendant Warren acted with deliberate indifference to Plaintiff's serious medical needs by refusing to address the persistent black mold issue at the Cumberland Jail, which resulted in Plaintiff's bilateral leg wounds and severe infections.

53.    Defendant Crawford acted with deliberate indifference to Plaintiff's serious medical needs by confiscating a wheelchair used by Plaintiff to attend his medical appointments, including wound care appointments, thereby causing Plaintiff to be unable to seek medical treatment for his leg wounds.

54.    Dr. James Neal, Nurse Smith, Nurse Cochran, Nurse Munson and Nurse Soto acted with deliberate indifference to Plaintiff's serious medical needs, and failed to provide Plaintiff with adequate medical care because Plaintiff did not receive proper medical treatment as the Medical Defendants refused to provide him any wound care and resultingly, his wound dressings were not regularly changed nor were they changed in accordance with his doctor's instructions, his wounds were cross contaminated, and his wound medications were not administered correctly.  As a result,

his infections worsened and spread, causing his severe pain and discomfort and multiple hospitalizations.

55.     The actions and inactions of these Defendants demonstrated their conscious disregard for and their deliberate indifference to the serious medical needs of Plaintiff.

56.     Defendants, at all relevant times, acted under color of law to deprive Plaintiff's constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the New Jersey Constitution.

57.      As direct and proximate result of Defendants' willful, wanton, and/or negligent deprivations of Plaintiff's constitutional rights and violations of state and federal law, Plaintiff suffered serious injuries including but not limited to multiple hospitalizations caused by severe infections, which caused excruciating pain and suffering.

**WHEREFORE**, Plaintiff demands judgment be entered in its favor and against the Defendants for: 1) damages in an amount to be determined at trial; 2) punitive damages; 3) attorneys' fees pursuant to the NJCRA; 4) costs of suit herein; and 5) such other and further relief as the Court may deem proper.

## COUNT THREE
## MEDICAL MALPRACTICE

58.     Plaintiff repeats and reasserts the preceding paragraphs as if fully set forth at length herein.

59.     While incarcerated at the Cumberland Jail, Plaintiff required medical care for his wounds and an infection on his left leg.

60.     Dr. James Neal, Nurse Smith, Nurse Cochran, Nurse Munson and Nurse Soto were negligent, deviated from the standard of care and committed medical malpractice when providing medical care to Plaintiff, because as a direct result of the Medical Defendants' actions, Plaintiff

did not receive proper medical treatment as the Medical Defendants refused to provide him any wound care and resultingly, his wound dressings were not regularly changed nor were they changed in accordance with his doctor's instructions, his wounds were cross contaminated, and his wound medications were not administered correctly.

61.     The Medical Defendants' negligence proximately caused Plaintiff's his infections to worsen and spread, causing him severe pain and discomfort and multiple hospitalizations.

**WHEREFORE**, Plaintiff demands judgment be entered in its favor and against the Defendants for: 1) damages in an amount to be determined at trial; 2) punitive damages; 3) attorneys' fees; 4) costs of suit herein; and 5) such other and further relief as the Court may deem proper.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendants and for the following relief:

a.  Compensatory damages and general damages;

b.  Medical expenses, past and future;

c.  Damages for past and future mental and emotional distress;

d.  Punitive damages;

e.  Attorneys' fees;

f.  Costs of suit incurred herein; and

g.  Such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated:  November 14, 2022                    WALSH PIZZI O'REILLY FALANGA LLP

_s/Marc D. Haefner_
Marc D. Haefner
Jessica K. Formichella
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
T: (973) 757-1100

_Attorneys for Plaintiff Michael Huggins_

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 AND 40.1

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding.

Dated:  November 14, 2022                    WALSH PIZZI O'REILLY FALANGA LLP

_s/Marc D. Haefner_
Marc D. Haefner
Jessica K. Formichella
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
T: (973) 757-1100

_Attorneys for Plaintiff Michael Huggins_