**HOLTZMAN MCCLAIN & LONDAR, PC**
A Professional Corporation
524 Maple Avenue, Suite 200
Linwood, NJ 08221
(609) 601-0900
Stephen D. Holtzman, Esquire (SDH 9921)
Jeffrey S. McClain, Esquire (JSM 0966)
Lilia Londar, Esquire (LL 1120)
Attorneys for Defendants Dr. James Neal; Kristina Smith; Darlene Cochran; and April Munson

| | |
|---|---|
| Michael Huggins,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Charles Warren; Dr. James Neal; Kristina Smith; Darlene Cochran, Ikeya Crawford, April Munson, and Angela Soto,<br><br>　　　　　Defendants. | **UNITED STATES DISTRICT COURT**<br>**District of New Jersey**<br>Camden Vicinage<br><br>Case No. 1:21-cv-16688 (RMB) (SAK)<br><br>Civil Action<br><br>**Answer to Plaintiff's Amended Complaint and Jury Demand on behalf of Dr. James Neal, Kristina Smith, Darlene Cochran, and April Munson** |

Defendants Dr. James Neal; Kristina Smith; Darlene Cochran; and April Munson by way of answer to Plaintiff's Amended Complaint, say:

## **PARTIES**

1. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
2. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
3. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
4. It is admitted that Dr. James Neal is a licensed physician in the state of New Jersey board certified in internal medicine and the remainder of this paragraph the Plaintiff is left to his proofs.
5. It is admitted that Kristina Smith RN is a Registered Nurse licensed in the state of New Jersey and the remainder of this paragraph the Plaintiff is left to his proofs.
6. It is admitted that Darlene Cochran LPN is a Licensed Practical Nurse licensed in the state of New Jersey and the remainder of this paragraph the Plaintiff is left to his proofs.
7. It is admitted that April Munson APN is an Advance Practice Nurse licensed in the state of New Jersey and the remainder of this paragraph the Plaintiff is left to his proofs.
8. It is admitted that Angela Soto LPN is a Licensed Practical Nurse licensed in the state of New Jersey and the remainder of this paragraph the Plaintiff is left to his proofs.

## JURISDICTION AND VENUE

9. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

10. Denied.
11. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
12. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
13. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
14. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
15. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
16. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
17. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
18. Denied.
19. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
20. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
21. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
22. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
23. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
24. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
25. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
26. Denied.
27. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
28. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
29. Denied.
30. Denied.
31. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.

32. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
33. Denied.
34. Denied.
35. Denied.
36. Denied.
37. Denied.

## COUNT ONE
## VIOLATION OF 42 U.S. § 1983 FOURTEENTH AMENDMENT-DELIBERATE INDIFFERNECE AND FAILURE TO PROVIDE ADEQUATE MEDICAL CARE

38. Defendants Dr. James Neal; Kristina Smith; Darlene Cochran; and April Munson repeat and incorporate the responses to paragraphs 1-37 as if set-forth in full herein.
39. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
40. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
41. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
42. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
43. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
44. Denied.
45. Denied.
46. Denied.
47. Denied.

Wherefore, Defendants Dr. James Neal; Kristina Smith; Darlene Cochran; and April Munson demand judgment dismissing Plaintiff's Amended Complaint together with attorney's fees and costs.

## COUNT TWO
### Violation of New Jersey Civil Rights Act-Deliberate Indifference
### And Failure to Provide Adequate Medical Care

48. Defendants Dr. James Neal; Kristina Smith; Darlene Cochran; and April Munson repeat and incorporate the responses to paragraphs 1-47 as if set-forth in full herein.
49. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
50. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
51. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
52. These Defendants neither admit nor deny the allegations of this paragraph and leave the

      Plaintiff to his proofs.
53. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
54. Denied.
55. Denied.
56. Denied.
57. Denied.

      Wherefore, Defendants Dr. James Neal; Kristina Smith; Darlene Cochran; and April Munson demand judgment dismissing Plaintiff's Amended Complaint together with attorney's fees and costs.

## COUNT THREE
## MEDICAL MALPRACTICE

58. Defendants Dr. James Neal; Kristina Smith; Darlene Cochran; and April Munson repeat and incorporate the responses to paragraphs 1-57 as if set-forth in full herein.
59. These Defendants neither admit nor deny the allegations of this paragraph and leave the Plaintiff to his proofs.
60. Denied.
61. Denied.

      Wherefore, Defendants Dr. James Neal; Kristina Smith; Darlene Cochran; and April Munson demand judgment dismissing Plaintiff's Amended Complaint together with attorney's fees and costs.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

      Defendants deny that they were in any way negligent.

## SECOND SEPARATE DEFENSE

      Defendants assert that if there was any negligence or violation of Plaintiffs' rights, it was done by an independent intervening agency, person or instrumentality over which Defendants had no control.

## THIRD SEPARATE DEFENSE

Defendants deny that they breached any duty owed to Plaintiff or any Defendant on cross-claims.

## FOURTH SEPARATE DEFENSE

      Defendants assert that proper medical care was rendered to Plaintiff and that he was not denied proper medical care.

**FIFTH SEPARATE DEFENSE**

Defendants assert that none of Plaintiff's constitutional rights have been breached.

**SIXTH SEPARATE DEFENSE**

Defendants assert that the claims of Plaintiff and all cross-claims are barred for failure to state a claim upon which relief can be granted.

**SEVENTH SEPARATE DEFENSE**

Defendants assert that Plaintiffs' claims are barred pursuant to the New Jersey Tort Claims Act, Title 59 of the New Jersey Statutes.

**EIGHTH SEPARATE DEFENSE**

Defendants assert that Plaintiff's claims, if any, were proximately caused by Plaintiff's negligence and that Plaintiff contributed to the happening of the occurrence and his claims are therefore barred and subject to diminution pursuant to the Comparative Negligence Statute of the state of New Jersey.

**NINTH SEPARATE DEFENSE**

Defendants contends that Plaintiffs' claim is a Frivolous Lawsuit pursuant to Federal Rules of Procedure Rule 11 and that sanction, costs and attorney's fees should be issued with respect to this Plaintiff.

**TENTH SEPARATE DEFENSE**

Defendants deny that they breached any duty that was owed to Plaintiff and/or to any Defendant on any cross-claims with respect to the reasonable and necessary medical care which has been provided to Plaintiff.

**ELEVENTH SEPARATE DEFENSE**

Defendants assert that the claims of the Plaintiff are barred by the Statute of Limitations.

**TWELFTH SEPARATE DEFENSE**

Defendants assert that the cross-claims of any Defendant are improperly pleaded and improperly served upon Defendants.

**THIRTEENTH SEPARATE DEFENSE**

Defendants assert that the cross-claims of any Defendant improperly identify Defendants

and do not comply with the Federal Rules of Procedure.

**FOURTEENTH SEPARATE DEFENSE**

Defendants asserts that Plaintiff's claim is improper and violates the Prison Litigation Reform Act (P.L.R.A.) and should be dismissed.

**FIFTEENTH SEPARATE DEFENSE**

Defendants asserts that Plaintiff has failed to file an appropriate Affidavit of Merit for claims of professional negligence against Dr. James Neal, MD a licensed physician in the State of New Jersey who is board certified in internal medicine; Kristina Smith RN a licensed Registered Nurse in the State of New Jersey; Darlene Cochran LPN a Licensed Practical Nurse licensed in the State of New Jersey; April Munson APN, an Advanced Practice Nurse license in the State of New Jersey; and CFG Health Systems, LLC for claims of vicarious liability for professional negligence by licensed persons pursuant to New Jersey Statutes, N.J.S.A. 2A:53A-26, *et seq*. and applicable case law, including Hill Int'l Inc. v. Atlantic City Board of Education, 438 N.J.Super. 562 (App. Div. 2014).

**SIXTEENTH SEPARATE DEFENSE**

Defendants assert that Plaintiff has failed to exhaust all available Administrative Remedies.

**SEVENTEENTH SEPARATE DEFENSE**

Defendants are entitled to a credit for any expense paid by insurance or other third parties which are claimed as damages by Plaintiff pursuant to N.J.S.A. 2A:15-97.

**EIGHTEENTH SEPARATE DEFENSE**

While denying liability to the Plaintiff, Defendants assert that if any co-Defendant effects a settlement with Plaintiff, Defendants shall seek a molding of the verdict to reflect its proportionate liability pursuant to the provisions of the Comparative Negligence Act and pursuant to the principles set forth in Young v. Latta, 233 N.J. Super. 520 (App. Div. 1989).

**NINETEENTH SEPARATE DEFENSE**

Defendants assert that the claim for punitive damages is made in bad faith, and solely for the purposes of harassment, delay or malicious injury, and therefore, seek any and all remedies available under the Statute for Frivolous Pleadings, with regards to any claims for reckless conduct, or seeking punitive damages, pursuant to N.J.S.A. 2A:15-59.1.

**TWENTIETH SEPARATE DEFENSE**

Plaintiff's claim for punitive damages is in violation of the United States Constitution and New Jersey Constitution and, thus, Plaintiff cannot recover damages against these Defendants.

### TWENTY-FIRST SEPARATE DEFENSE

Defendants assert that there has been no violation of any of Plaintiff's 42 U.S.C. 1983 rights.

### TWENTY-SECOND SEPARATE DEFENSE

Defendants deny that they are liable for any violation of any constitutional right or statutes claimed by the Plaintiff.

### TWENTY-THIRD SEPARATE DEFENSE

Defendants assert that they acted within the scope of its authority, and that it is entitled to governmental and qualified immunity.

### TWENTY-FOURTH SEPARATE DEFENSE

Defendants assert that Plaintiff's medical treatment was proper, based on the accepted standard of medical care and accepted constitutional standards.

### TWENTY-FIFTH SEPARATE DEFENSE

Defendants assert that they cannot be held liable pursuant to the Doctrine of *Respondeat Superior* for any of Plaintiff's claims.

### TWENTY-SIXTH SEPARATE DEFENSE

Defendants assert that Plaintiffs' claims are barred by the doctrine of *res judicata* (claim preclusion).

### TWENTY-SEVENTH SEPARATE DEFENSE

Defendants assert that Plaintiffs' claims are barred by the doctrine of collateral estoppel (issue preclusion).

                                HOLTZMAN MCCLAIN & LONDAR, PC
                                /s/ Stephen D. Holtzman (SDH 9921)
                                   **Stephen D. Holtzman, Esquire**

Dated: December 15, 2022

## ANSWER TO ALL CROSS-CLAIMS

Defendants hereby deny each and every allegation contained in any and all cross-claims filed by any and all co-Defendants in this matter.

**HOLTZMAN MCCLAIN & LONDAR, PC**
/s/ Stephen D. Holtzman (SDH 9921)
**Stephen D. Holtzman, Esquire**

Dated: December 15, 2022

## DEMAND FOR ALLOCATION OF FAULT

Defendants demands an allocation of fault with respect to Defendants Charles Warren and Ikeya Crawford pursuant to the Comparative Negligence Act N.J.S.A. 2A:15-5.1 to – 5.4, the Joint Tortfeasors Contribution Law, N.J.S.A. 2A: 53 A-1 to -5 and the Affidavit of Merit Act, N.J.S.A. 2A:53A-27 and Burt v. West Jersey Health Systems, 339 N.J. Super 296 (App. Div. 2001) in the event Plaintiffs have in the past or should in the future effect settlement with Defendants Charles Warren and Ikeya Crawford these Defendants will assert the negligence of Defendants Charles Warren and Ikeya Crawford and will rely upon the facts, theories and opinions of all witnesses and all experts revealed in discovery.

**HOLTZMAN MCCLAIN & LONDAR, PC**
/s/ Stephen D. Holtzman (SDH 9921)
**Stephen D. Holtzman, Esquire**

Dated:  December 15, 2022

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues raised by these pleadings.

**HOLTZMAN MCCLAIN & LONDAR, PC**
/s/ Stephen D. Holtzman (SDH 9921)
**Stephen D. Holtzman, Esquire**

Dated:  December 15, 2022

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

TAKE NOTICE that STEPHEN D. HOLTZMAN, is hereby designated as trial counsel on behalf of Defendants.

> HOLTZMAN MCCLAIN & LONDAR, PC
> /s/ Stephen D. Holtzman (SDH 9921)
> **Stephen D. Holtzman, Esquire**

Dated: December 15, 2022

## PROOF OF E-FILING AND SERVICE

I certify that the attached Answer on behalf of Defendants has been filed and served on all counsel of record through Electronic Case Filing on December 15, 2022 and further served as follows:

> HOLTZMAN MCCLAIN & LONDAR, PC
> /s/ Stephen D. Holtzman (SDH 9921)
> **Stephen D. Holtzman, Esquire**

Dated: December 15, 2022