UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL HUGGINS,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES WARREN, et al.,<br><br>    Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:21-CV-16688-KMW-SAK<br><br><br>**OPINION** |

**WILLIAMS, District Judge:**

Defendants James Neal, Kristina Smith, and Darlene Cochran (collectively, the "Medical Defendants") appeal the April 4, 2022 Opinion and Order of the Honorable Magistrate Judge Sharon A. King extending the time for Plaintiff Michael Huggins ("Plaintiff") to obtain and serve an affidavit of merit supporting his medical malpractice claims. For the reasons set forth below, the Magistrate Judge's decision is **AFFIRMED**.

**I.    BACKGROUND**

On September 9, 2021, Plaintiff, formerly proceeding *pro se*, filed his initial Complaint, and included with it an application to proceed *in forma pauperis*. (ECF No. 1). In his Complaint, Plaintiff asserted, among other things, claims against the Medical Defendants for medical malpractice under New Jersey law. The Court granted Plaintiff's *in forma pauperis* application on October 4, 2021 (ECF Nos. 4, 5), and subsequently appointed *pro bono* counsel to represent Plaintiff on November 18, 2021 (ECF Nos. 12, 25).

Because Plaintiff has asserted state law claims for professional malpractice, New Jersey law required him to obtain and serve the Medical Defendants with "an affidavit of an appropriate

licensed person" (an "affidavit of merit") concerning whether the disputed treatment "fell outside acceptable professional or occupational standards or treatment practices." N.J.S.A. 2A:53A–27. The purpose of this statutory requirement is "not only to dispose of meritless malpractice claims early in the litigation, but also to allow meritorious claims to move forward unhindered." *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 274 (3d Cir. 2002) (citing *Burns v. Belafsky*, 766 A.2d 1095, 1099 (N.J. 2001)). In terms of timing, an affidavit of merit must be served within sixty days of the defendant's answer, but permits an extension of time "not to exceed [sixty] days . . . upon a finding of good cause." N.J.S.A. 2A:53A–27.

Because the Medical Defendants answered the Complaint on November 11, 2021 (ECF No. 17), Plaintiff was thus required to obtain and serve an affidavit of merit on or before January 11, 2022. *See* N.J.S.A. 2A:53A. However, on December 1, 2021, *pro bono* counsel advised that he was unable to represent Plaintiff in this matter due to a conflict of interest (ECF No. 28), and was subsequently granted leave to withdraw from the representation on December 14, 2021 (ECF No. 36). Thereafter, on January 3, 2022, the Court appointed the law firm Walsh, Pizzi, O'Reilly & Falanga, as new *pro bono* counsel for Plaintiff. (ECF No. 39). By this time, however, the deadline to serve an affidavit of merit was a mere seven days away. For this reason, *pro bono* counsel promptly requested a sixty-day extension pursuant to N.J.S.A. 2A:53A–27 (ECF No. 46), which the Magistrate Judge granted (ECF No. 49). Under the new deadline, Plaintiff was required to serve an affidavit of merit on or before March 14, 2022. (*Id.*).

On March 14, 2022, Plaintiff requested an additional sixty-day extension, up to and including May 13, 2022, to serve an affidavit. (ECF No. 59). While an affidavit of merit must generally be provided within sixty days following the date of filing of the answer to the complaint—or within 120 days following an initial extension—a plaintiff may be afforded an

2

additional extension, but only under one of four limited exceptions: (1) a statutory exception regarding lack of information; (2) the "common knowledge" exception; (3) an exception predicated upon substantial compliance with the affidavit-of-merit requirement; or (4) "extraordinary circumstances." *See Fontanez v. United States*, 24 F. Supp. 3d 408, 412 (D.N.J. 2014). Citing to extraordinary circumstances, Plaintiff argued that the significant delay in finding *pro bono* counsel, as well as Plaintiff's serious medical conditions, hindered his counsel's ability to obtain his medical records, which are necessary to support an affidavit of merit. The Medical Defendants opposed the request, and argued that there were not extraordinary circumstances meriting any further extension. (ECF No. 60).

On April 4, 2022, the Magistrate Judge issued an Opinion and Order finding extraordinary circumstances, and granted Plaintiff an additional sixty days to obtain and serve an affidavit of merit. (ECF No. 64). The Medical Defendants appeal this decision.

## II.   STANDARD OF REVIEW

A District Court may designate a magistrate judge to hear and determine any nondispositive, pretrial matter pending before the Court. *See* 28 U.S.C § 636(b)(1)(A); *see also EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). Once a magistrate judge issues an order, the parties may, within fourteen days, appeal to the District Court for consideration. *See* Fed. R. Civ. P. 72(a). On appeal, the District Court may modify or set aside a magistrate judge's order, in whole or in part, where the order is either "clearly erroneous or contrary to law." 28 U.S.C.§ 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).[1] "This standard

---

[1] The Parties seem to agree that the "clearly erroneous or contrary to law" standard applies to the Magistrate Judge's decision. The Court, however, has its doubts. When an appeal, like the one here, seeks review of "a matter within the purview of the magistrate judge," an even more deferential "abuse of discretion" standard applies. *Koninklijke Philips Elec. N.V. v. Hunt Control Sys., Inc.*, No. 11- 3684, 2014 WL 5798109, at *2 (D.N.J. Nov. 7, 2014). Under this standard, a magistrate judge commits error when her decision is "arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted." *Lopez v.*

requires the District Court to [1] review findings of fact for clear error and to [2] review matters of law *de novo*." *City of Long Branch*, 866 F.3d at 99. In any case, the appellant has the burden of showing the magistrate judge's legal decision and/or fact-finding meets the appropriate standard for reversal. *See Exxon Corp. v. Halcon Shipping Co.*, 156 F.R.D. 589, 591 (D.N.J. 1994).

## III.   DISCUSSION

### A.  The Magistrate Judge's Findings of Fact

The Court first considers whether the Magistrate Judge's factual findings concerning extraordinary circumstances were clearly erroneous. Generally speaking, "extraordinary circumstances" denote conditions or events that are "exceptional and compelling" such that they support "[an] adequate excuse for [the] failure to comply with the [affidavit of merit] statute." *Chamberlain v. Giampapa*, 210 F.3d 154, 162 (3d Cir. 2000). Extraordinary circumstances cannot be supported by "mere carelessness or lack of proper diligence." *Fontanez*, 24 F. Supp. 3d at 413 (internal quotation marks omitted). As it relates to *pro se* plaintiffs, courts have considered whether the failure to comply with the filing deadline resulted in "carelessness, lack of circumspection, lack of diligence, [ ] ignorance of the law[,] or failure to seek legal advice." *Brown v. United States*, No. 15-7734, 2017 WL 1064665, at *6 (D.N.J. Mar. 21, 2017) (internal quotation marks omitted). In the context of attorney conduct, courts ascertain whether the failure to provide a timely affidavit arose out of circumstances beyond counsel's control. *See id.*

Here, Plaintiff initiated this action *pro se*, and did so while incarcerated. (ECF No. 1). Thereafter, the Court determined that Plaintiff lacked the financial resources to pursue this action on his own, and permitted him to proceed *in forma pauperis*. (ECF Nos. 4, 5). While these

---

*Mercantile Adjustment Bureau, LLC*, No. 18-12490, 2019 WL 2118787, at *2 (D.N.J. May 15, 2019). Nevertheless, the Court will apply the "clearly erroneous or contrary to law" standard as agreed upon because the Court is not convinced that any error has occurred, even under this less deferential standard.

conditions alone were undoubtedly barriers to timely obtaining an affidavit of merit, the circumstances hindering Plaintiff's ability to obtain an affidavit of merit went beyond mere incarceration and indigence. For example, and as correctly noted by the Magistrate Judge, from the time of the initial appointment of *pro bono* counsel in October 2021, Plaintiff had waited approximately seventy days to be appointed proper counsel who could represent him in this action. However, during that time, Plaintiff kept in near-constant contact with the Court, filing more than thirteen letters on the docket. *See, e.g.*, ECF Nos. 13, 21–23. In one particular letter dated December 27, 2021, Plaintiff informed the Magistrate Judge that he was being confined to a cell for at least twenty hours per day. (ECF No. 38).

Further, on February 8, 2022—over a month before Plaintiff's request seeking an additional sixty-day extension—Plaintiff's new *pro bono* counsel filed a letter addressed to the Magistrate Judge informing her that the Medical Defendants were not providing Plaintiff with any medical care for serious wounds to both of his legs. (ECF No. 53). Specifically, counsel indicated that, for an entire six-week period beginning in December 2021, the Medical Defendants had not treated Plaintiff's wounds at all. Evidently, Plaintiff did not receive any care until he was taken to an outside wound-care provider on February 3, 2021. Counsel further represented, though Plaintiff had since returned to the prison, the neglect of Plaintiff's wounds continued, in spite of clinical directives to the contrary.

On March 14, 2022, Plaintiff's counsel filed an application seeking an additional sixty-day extension of time to obtain and serve an affidavit of merit. In support of the application, counsel informed the Magistrate Judge that Plaintiff was eventually hospitalized shortly after their February 8, 2022 letter informing her of Plaintiff's lack of medical care. (ECF No. 59). Because of Plaintiff's illness and hospitalization, counsel indicated that it was not able to receive completed

medical authorizations from Plaintiff until February 28, 2022. (ECF Nos. 59, 61). Counsel further indicated that it had submitted requests for Plaintiff's medical records, but that Plaintiff's medical providers had not yet provided them. (*Id.*). The Medical Defendants submitted an Opposition to Plaintiff's request, but never disputed any of the representations made by Plaintiff or his counsel. (ECF No. 60). Nor did they supply any reason as to why the Magistrate Judge should have discredited or disregarded those representations. Rather, they argued that Plaintiff did not demonstrated "exceptional circumstances" meriting an extension of time.

Based on the foregoing, the Court finds that the Magistrate Judge's factual findings concerning extraordinary circumstances were not clearly erroneous. A magistrate judge's decision is clearly erroneous when, "although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Durso v. Samsung Elecs. Am., Inc.*, No. 2:12-CV-05352, 2014 WL 1232332, at *1 (D.N.J. Mar. 24, 2014). This Court is left with no such conviction. The record on which the Magistrate Judge relied demonstrates ample, credible evidence from which to conclude that any delay in obtaining and serving an affidavit of merit was not due to Plaintiff's "carelessness, lack of circumspection, lack of diligence, [ ] ignorance of the law[,] or failure to seek legal advice." *Brown*, 2017 WL 1064665, at *6 (internal quotation marks omitted). Likewise, the Court finds that the Magistrate Judge did not err in finding that any delay was not due to counsel's lack of diligence. *See id.*[2]

---

[2] The Medical Defendants offer a one-sentence argument that the Magistrate Judge's findings of fact were clearly erroneous because they were not supported by "appropriate affidavits/certifications and evidence of record." Defs.' Br. at 3. For this proposition, they fail to point to any authority suggesting that the Magistrate Judge was required to tunnel her vision to the specific forms of evidence they might have preferred. Nor do they offer any reason why the Magistrate Judge should have rejected the affirmative representations made to the Court by both Plaintiff and his counsel. The Medical Defendants had an opportunity to respond to those representations, and indeed did so in their Opposition to Plaintiff's Application. In turn, the Magistrate Judge undertook a comprehensive inquiry of the observable facts and circumstances available to her at the time of her decision. The Medical Defendants' mere

### B. The Magistrate Judge's Conclusions of Law

Reviewing the Magistrate Judge's decision *de novo*, the Court next considers whether the facts and circumstances identified above were sufficiently "extraordinary" to merit equitable relief. Courts "have yet to define the full scope of extraordinary circumstances as an equitable remedy for failure to comply with New Jersey's [affidavit of merit] statute." *Fontanez*, 24 F. Supp. 3d at 413–14 (quoting *Paragon Contractors, Inc. v. Peachtree Condo. Ass'n*, 997 A.2d 982, 985 (N.J. 2010)) (internal quotation marks omitted). Courts have, however, been guided by "the policy of New Jersey courts favoring the disposition of cases on their merits and the New Jersey Supreme Court's indication that the 'extraordinary circumstances' exception aims to temper the draconian results of an inflexible application of the statute by granting certain latitude to non-compliant plaintiffs." *Id.* (citations and quotation marks omitted). To this end, courts have previously found extraordinary circumstances where "the cumulative impact of [a] [p]laintiff's incarceration restricting his access to obtain medical advice, the late appointment of counsel, and the difficulty of counsel in obtaining medical records." *Arrington v. Middlesex Cty. Jail*, No. 13-1400, 2014 WL 4542441, at *6 (D.N.J. Sept. 11, 2014).

Here, Plaintiff presented all of these circumstances and much more. Plaintiff was effectively without counsel for nearly seventy days. In addition, Plaintiff was being confined to a cell for twenty hours every day, and his serious medical conditions had worsened to such an extent that he was eventually hospitalized in February 2022. All of these circumstances understandably hindered his counsel's efforts to timely obtain his medical records and, consequently, an affidavit of merit. Indeed, it was only after Plaintiff was released from the hospital that counsel was able to

---

disagreement with the conclusions of that inquiry does not connote clear error. *See Celgene Corp.*, 2015 WL 4138982, at *2 (directing deference to the fact-finder unless a determination is "completely devoid of minimum evidentiary support displaying some hue of credibility").

obtain Plaintiff's signed authorization to obtain those records. By the time Plaintiff's counsel had sought an additional sixty-day extension of time, requests for Plaintiff's medical records had already been made to his medical providers, although none of the providers had yet responded to these requests.

All of these circumstances are both "exceptional and compelling," and quite clearly evidenced "[an] adequate excuse for [the] failure to comply with the [affidavit of merit] statute." *Chamberlain*, 210 F.3d at 162. The Court therefore finds that the Magistrate Judge neither misinterpreted nor misapplied applicable law, and that her decision to grant Plaintiff additional time to obtain an affidavit of merit was thus not contrary to law. *See Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006); *see also Fontanez*, 24 F. Supp. 3d at 416 (finding extraordinary circumstances due to the plaintiff's "incarceration during the period within which to submit a timely affidavit undoubtedly frustrated Plaintiff's ability to timely acquire an affidavit of merit"); *Perez v. Turner*, No. 11-6833, 2013 WL 3216147, at *5 (D.N.J. June 25, 2013) (finding extraordinary circumstances existed to excuse failure to timely file an affidavit of merit due to four-month delay in appointing pro bono counsel); *Barreiro v. Morais*, 318 N.J. Super. 461, 471 (App. Div. 1999) (finding extraordinary circumstances based upon hospital's failure to timely provide legible medical records).

## IV. Conclusion

For all of the reasons articulated above, the Magistrate Judge's April 4, 2022 Opinion and Order are hereby affirmed.

Dated: December 29, 2022        */s/ Karen M. Williams*
                                                                              KAREN M. WILLIAMS
                                                                              United States District Judge