## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL HUGGINS,

             Plaintiff,

             v.

CHARLES WARREN, et al.,

             Defendants.

Civil Action No. 21-16688 (KMW) (SAK)

**MEMORANDUM ORDER**

This matter comes before the Court on Defendant Crawford's Motion to dismiss (ECF No. 115) Plaintiff's amended complaint (ECF No. 111) brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed opposition to the motion (ECF No. 126), to which Defendant Crawford replied. (ECF No. 127.) For the following reasons, Defendant Crawford's Motion is denied.

In his amended complaint, Plaintiff contends that Defendant Crawford is liable to him for being deliberately indifferent to his medical needs in confiscating his wheelchair while he suffered from dual leg infections. (ECF No. 111 at 4-5.) Specifically, he asserts that, in June 2021, he developed infections on both of his legs, "resulting in bilateral leg wounds" that left him "unable to walk and requir[ing] a wheelchair" to get around following a hospital stay. (*Id.*) Plaintiff further alleges that, after his hospital stay, Defendant Crawford "took away Plaintiff's wheelchair," without proper cause preventing him from "leaving his cell and seeking medical treatment" for his leg wounds and infections, resulting in him being confined to his cell for several months and missing medical appointments. (*Id.* at 5-6.) Plaintiff thus alleges that the deprivation of his wheelchair resulted in the worsening of the infections and his overall medical conditions. (*Id.*)

Defendant now moves to dismiss Plaintiff's deliberate indifference claim, asserting that he has failed to state a plausible claim for relief.

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Here, Plaintiff asserts that Defendant Crawford was deliberately indifferent to his medical needs in violation of his Fourteenth Amendment rights and is thus liable to him under 42 U.S.C. §

2

1983 and the New Jersey Civil Rights Act.[1]  To plead a claim for deliberate indifference, a Plaintiff must plead facts indicating that staff were deliberately indifferent to his medical needs. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003).  This requires a plaintiff to plead facts indicating that he had a sufficiently serious medical need and that the named defendant knew of and disregarded an excessive risk to his health or safety in failing to treat that need. *Id.* at 582.

Plaintiff pleads in this matter that he was hospitalized for infected leg wounds, leaving him unable to walk, and that he was returned to jail in a wheelchair which he required to attend medical treatment.  He further pleads that Defendant Crawford then took away his required wheelchair without cause, leaving him unable to receive treatment, resulting in the worsening of his obvious leg wounds.  Although Plaintiff's amended complaint may not be overly detailed, it does set forth facts which give rise to a logical inference that Crawford was deliberately indifferent to his needs – that he was found to have infected leg wounds depriving him of the ability to walk, that he was returned to the jail with those leg wounds visibly wrapped in bandaging, and that even though she would be able to see those wounds and Plaintiff needed the wheelchair to attend medical treatment, Crawford took the required chair away without cause.  Though discovery may not bare out this version of events, at the motion to dismiss stage, these facts are more than sufficient to infer a plausible claim for relief – they indicate that Plaintiff had clear needs in the form of his leg wounds and need for a wheelchair, and that Defendant robbed him of the chair he needed to have those

---

[1] Claims brought pursuant to the NJCRA are direct state law claims analogues to federal claims brought pursuant to 42 U.S.C. § 1983 and are subject to the same defenses, standards, and immunities. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011). They are thus generally coterminous with the equivalent federal civil rights claim. *Id.*

needs addressed notwithstanding his obvious wounds and diagnosed infections.[2]   Defendants'

motion (ECF No. 115) is therefore denied.

     **IT IS THEREFORE** on this 11th day of April, 2023,

     **ORDERED** that Defendant Crawford's Motion to Dismiss (ECF No. 115) is **DENIED**;

and it is further

     **ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the parties

electronically.

 

Hon. Karen M. Williams,
United States District Judge

---

[2] In her motion paperwork, Defendant Crawford decries the amended complaint for lacking in highly specific detail as to the what, where, when, and how of the confiscation which she believes necessary to give context to Plaintiff's claim.  Although Rule 9 requires such specific pleading in cases of fraud which must be pled with particularity, *see, e.g., District 1199P Health and Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 527 (D.N.J. 2011), Rule 8 requires far less detail – a short and plain statement of the Plaintiff's claims. *See Iqbal*, 556 U.S. at 678.  Plaintiff's complaint provides such detail – it sets out the general time frame – shortly after Plaintiff's 2021 hospital stay – and the events which transpired – Crawford's taking of the required wheelchair Plaintiff received following his hospital stay.  As this is not a case involving the heightened fraud pleading requirements, Plaintiff's facts are sufficiently detailed to provide adequate context at the pleading stage.